**SO ORDERED.**

**SIGNED this 7th day of May, 2012.**




Robert E. Nugent
United States Chief Bankruptcy Judge

**PUBLISHED**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

IN RE: )
)
MELINDA JOLIENE LONG, ) Case No. 11-10418
) Chapter 13
Debtor. )
_____)

**ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTION**

In general, the Bankruptcy Code allows debtors to choose between the exemption scheme their domicile state law allows or to choose the "federal" exemptions established in § 522(d).[1] But, the Code also allows states to opt out by denying their debtors the right to claim the federal exemptions.[2] The Code further circumscribes the debtors' choice of exemptions by requiring that

---

[1] 11 U.S.C. § 522(b)(1). Subsequent statutory references are to Title 11, U.S.C. unless otherwise noted.

[2] § 522(b)(2).

-1-

they have lived in the state whose exemptions they claim for the 730 days preceding the petition date. If a debtor hasn't lived in her domicile state for the preceding 730 days, she may then claim the exemptions allowed by the state she inhabited for the greater part of the 180 days preceding the 730th day before she filed her petition.[3] When Ms. Long filed this bankruptcy case in February of 2011, she had not lived in Kansas for 730 days. For the 180 days preceding the 730-day period, she lived in Nebraska. However, because Nebraska's exemptions are only available to Nebraska residents, she claimed the federal exemptions under § 522(d). The Trustee objects, asserting that the territorial limitation of the Nebraska exemption scheme is preempted by federal law.[4] After careful review of the pertinent state and federal statutes and the case law in this area, I conclude that the debtor may claim the federal exemptions on several grounds and I overrule the Trustee's objection.[5]

Facts

The parties stipulated that Ms. Long filed this case in February of 2011 as a Kansas resident, but before having lived here for 730 days. She lived in Nebraska from February of 2007 until December of 2009. Because Nebraska's exemptions are limited to Nebraska residents by statute, she filed an amended Schedule C claiming the federal exemptions under § 522(d) because, she says, the operation of § 522(b)(3)(A) operates to deny her the use of any state's exemption laws. Section 522(d)'s personal property exemptions are far more generous than Nebraska's rather sparse $2,500

---

[3] § 522(b)(3)(A).

[4] Dkt. 27.

[5] This court has jurisdiction over this core, contested matter under 28 U.S.C. §§ 1334 and 157(b)(2)(B). Venue is proper in this District under 28 U.S.C. §1408. The chapter 13 trustee Laurie B. Williams appeared by Christopher Micale. The debtor appeared by her attorney David P. Eron.

-2-

limitation.

Analysis

Before 2005, determining which exemptions a debtor could claim was fairly simple. Venue for an individual debtor's case lay in the district in which the debtor had lived for the greater part of the preceding 180 days.[6] The debtor could opt for the exemptions provided for by the law of that state. When current § 522 was enacted in 2005, the residential requirement was extended to 730 days. And, if a debtor has not lived in the state she currently occupies for all of those days, she may claim the exemptions of the state she lived in for the greater part of the 180 days preceding the 730-day period. If, for some reason, the debtor is unable to use the exemptions of that state, she may claim the federal exemptions under § 522(d). Because Congress radically altered the exemption and residency requirement, but left the venue period unchanged, there are more debtors who live in one state, but whose exemption rights are controlled by the law of another, resulting in numerous calls to interpret the interlocking provisions of § 522(b)(3)(A) and § 522(d).

In this case, the Trustee argues that the Bankruptcy Code preempts that part of the Nebraska Revised Statutes that allows only Nebraska residents to employ the Nebraska exemptions.[7] Thus I examine the Nebraska exemption statutes, including the opt-out provision, before engaging the preemption issue.

*Nebraska Opts Out: NEB. REV. STAT. § 25-15,105*

Section 522(b)(2) allows states to prohibit their residents from claiming the § 522(d)

---

[6] 28 U.S.C § 1408(1).

[7] See N.R.S. § 25-1552 ("Each natural person residing in this state. . ." shall be entitled to personalty valued at $2,500, other than wages).

-3-

exemptions. Nebraska has opted out:

> The federal exemptions provided in 11 U.S.C. 522, subsection (d), are hereby rejected by the State of Nebraska. The State of Nebraska elects to retain the personal exemptions provided under Nebraska statutes and the Nebraska Constitution and *to have such exemptions apply to any bankruptcy petition filed in Nebraska after April 17, 1980.*[8]

Thus, at least as a matter of state law, no one filing a case in Nebraska may claim the federal exemptions.[9] On the petition date in this case, Ms. Long could not have established venue for filing a petition in the District of Nebraska because she had not resided there for nearly two years.[10] That effectively prevented her petition from being "filed in Nebraska." The State of Nebraska has retained the exemptions for Nebraskans, but not for non-Nebraskans. Under Nebraska law, Ms. Long could exercise the choice that § 522(b)(1) gives her by electing the federal exemptions whether or not she was eligible to claim the Nebraska state exemptions under § 522(b)(3)(A). Many courts, including another judge of this District, have concluded that debtors forced by § 522(b)(3)(A) to look to the law of state where they no longer live and whose opt-out provisions only apply to residents, may elect the federal exemptions.[11] Nebraska's opt-out provision simply does not apply to the bankruptcy

---

[8] NEB. REV. STAT. § 25-15,105 (1980), emphasis added.

[9] Similar to Ms. Long's status, a Nebraska debtor who has not lived in Nebraska for the 730-day period prior to filing and can't qualify for another state's exemptions, can opt for the federal exemptions under § 522(b).

[10] 28 U.S.C § 1408(1).

[11] *See In re Rody*, ___ B.R. ___, 2012 WL 385474 at *4 (Bankr. D. Ariz. Feb. 6, 2012) (Arizona's opt-out applies to Arizona residents only). *See also In re Townsend*, 2012 WL 112995 (Bankr. D. Kan. Jan. 12, 2012) (Somers, J.) (Oklahoma opt-out statute only restricts "natural person[s] residing in this state" from electing the § 522(d) scheme). *See also In re Camp*, 631 F.3d 757 (5th Cir. 2011)(Florida's opt-out statute expressly applies only to Floridians; non-residents resorting to § 522(d) because of § 522(b)(3)(A) may avail selves of federal exemptions).

-4-

petition that Ms. Long filed in Kansas and she may claim the § 522(d) exemptions.

*No Preemption of Nebraska's Territoriality Limitation: NEB. REV. STAT. § 25-1552 and 1556*

The Trustee argues that Nebraska's territorial limitations have been preempted by § 522. Nebraska law allows "[e]ach natural person residing in this state. . ." to exempt personal property valued at $2,500, other than wages.[12] Likewise, "[n]o property hereinafter mentioned shall be liable to attachment, execution, or sale on any final process issued from any court in this state, *against any person being a resident of this state* . . . ."[13] That statute then lists a variety of personal property on which a Nebraska judgment debtor can claim protection from attachment or execution. Both of these exemptions may only be claimed by residents of the state. As a matter of state law, because Ms. Long was not a resident on the petition date, she is not entitled to claim these exemptions unless the residential limitations are somehow unenforceable.

Other courts have concluded that § 522 preempts the operation of the restrictions on extra-territoriality contained in state codes, but those holdings are contrary to the express provisions of § 522 that anticipate and accommodate territorial variations in exemptions.[14] The hanging paragraph below § 522(b)(3) provides that "[i]f the effect of the domiciliary requirement under subparagraph (A) is to render the debtor ineligible for any exemption, the debtor may elect to exempt property that is specified under subsection (d)." This is a "fail-safe mechanism."[15] I cannot conclude that Congress

---

[12] NEB. REV. STAT. § 25-1552.

[13] NEB. REV. STAT. § 25-1556, emphasis added.

[14] *In re Garrett*, 435 B.R. 434 (Bankr. S.D. Tex. 2010) (§ 522 sufficiently ambiguous to warrant reference to legislative history that suggests desire for uniformity of application of exemption law that preempts state territorial restrictions). *In re Camp*, 396 B.R. 194 (Bankr. W.D. Tex. 2008), *rev'd* 631 F.3d 757 (5th Cir. 2011).

[15] *In re Rody*, ___ B.R. ___, 2012 WL 385474 (Bankr. D. Ariz. Feb. 6, 2012).

-5-

intended to preempt state exemption law when it enacted a statute that expressly provides for state law to apply when the debtor chooses, and, indeed, to apply exclusively when the state opts out of the federal exemption scheme. That is the antithesis of preemption.[16] Nor can I conclude that there is a conflict with state law when § 522(b) accommodates state law. Compliance with both the federal and state law is possible. Determining what exemptions apply is almost entirely driven by state law, as are most other property ownership issues under the Bankruptcy Code.[17]

As the Bankruptcy Appellate Panel for this Circuit has pointed out, when the debtor can establish where she resided for the greater part of the (b)(3)(A) 180-day period, it is that state's laws that apply to her exemption rights.[18] If those exemption rights are denied to her by the operation of that law, she may claim the federal exemptions under the plain language of (b)(3)(*), the hanging paragraph. The BAP correctly observes that if § 522(b) preempted the territorial limitation, the hanging paragraph's allowing the federal exemptions as the third option would be superfluous. If preemption were intended, nearly everyone who had resided in *any* state or territory for more than 90 days before the commencement of the 730-day period would be able to claim the exemptions of that state. No one other than people who had been domiciled in foreign countries would need the federal fail-safe.[19]

---

[16] *See Rody, supra. See also, In re Fernandez*, 455 B.R. 790, 807-815 (Bankr.W.D. Tex. 2011), *rev'd on other grounds*, 2011 WL 3423373 (W.D. Tex. Aug. 5, 2011) (If Congress had intended to preempt state restrictions, § 522(b)(3)(A) would refer to property that "would be exempt" and not property that "is exempt").

[17] *See Butner v. United States,* 440 U.S. 48 (1979).

[18] *In re Stephens*, 402 B.R. 1 (10th Cir. BAP 2009).

[19] I note that the hypothetical applications proposed by the court in *In re Garrett*, 435 B.R. 434 (Bankr. S.D. Tex.2010) give the hanging paragraph some purpose, but I remain unpersuaded that Congress specifically enacted the hanging paragraph to protect this very small

-6-

Nor does Ms. Long's claiming the federal exemptions in these circumstances offend the Kansas opt-out statute, KAN. STAT. ANN. §60-2312(a). That statute states that "no person as an individual debtor" may elect the federal exemptions. But having been rendered ineligible for the Kansas exemptions by § 522(b)(3)(A), Ms. Long is permitted to claim the federal exemptions under the hanging paragraph without regard to the Kansas opt-out provision. Congress was well aware of the existence of opt-out provisions when it enacted the federal exemption fail-safe. This is the only interpretation of the hanging paragraph that allows both the domiciliary time limitations of (b)(3)(A) and the hanging paragraph to function effectively. Holding otherwise would effectively deny Ms. Long any exemptions, something that the hanging paragraph was plainly devised to prevent.[20]

Ms. Long may claim the § 522(d) exemptions because her domicile state for exemption purposes has enacted an opt-out provision that only applies to persons filing bankruptcy petitions in Nebraska, something the venue provisions would have prevented her doing. Or, she may claim the federal exemptions because the law of her former domicile state limits its state exemptions to residents of Nebraska, something she is not. Either way, the Trustee's objection must be OVERRULED.

# # #

---

subset of debtors who populate those hypothetical fact settings. And, Ms. Long is not a hypothetical debtor.

[20] *See* William Houston Brown, Lawrence R. Ahern, III, & Nancy Fraas MacLean, BANKR. EXEMPTION MANUAL § 4:6(d) (2010 ed.).

Case 11-10418   Doc# 63   Filed 05/07/12   Page 7 of 7